## James McGrath v. Chicago & Alton R. R. Co.

1. PRACTICE—*Directing Verdict for Defendant.*—Where there is no dispute as to the facts of a case, and the evidence is insufficient to sustain a finding that the act complained of was the proximate cause of the injury, there is no question for the jury's decision and the court is justified in directing a verdict for the defendant.

Trespass on the Case.—Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1900. Affirmed. Opinion filed December 7, 1900. Rehearing denied June 4, 1901.

TIMOTHY McGRATH, attorney for appellant.

PATTON, HAMILTON & PATTON, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

Appellant's servant was engaged loading manure into a wagon to which a team of horses was attached, in close proximity to a barbed wire fence which separated appellant's corn field from appellee's right of way.    The horses became frightened at some noise in the corn field and, in running from it, one of them became entangled in a loose wire of the fence and was badly injured.    In a suit to recover damages against the railroad company on the ground of negligence in allowing the fence to get out of

repair and the wire to remain detached whereby the horse was injured, the court directed a verdict for the defendant.

The trial court committed no error in giving the peremptory instruction. It was negligence in appellant's servant to leave the horses unhitched. with their heads toward a barbed wire fence eight or ten feet away. Common prudence would have suggested to any one that the horses were in danger of becoming frightened either at approaching trains or at a noise in the corn field. The proximate cause of the injury was not the loose wire but the fright and running of the horses, and the horses were enabled to run by reason of the negligence of the servant.

Whether or not a certain act charged against the defendant is the proximate cause of the injury complained of is always a question of fact for the jury when the evidence is conflicting; but where there is no dispute as to the facts and the evidence is insufficient to sustain a finding that the act was the proximate cause of the injury, there remains no question for the jury's decision and the court is justified in taking the case from them by a peremptory instruction.

Judgment affirmed.